**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 15-50203 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00228-GW-1 |
| v. | |
| **MICHAEL ANTHONY PETERSON, AKA Michael Peterson,** | **MEMORANDUM**[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted June 8, 2017
Pasadena, California

Before: **REINHARDT** and **KOZINSKI**, Circuit Judges, and **BERG**,[**] District Judge.

**1.** Advertising child pornography "to a particular subset of the public"

violates 18 U.S.C. § 2251(d). United States v. Grovo, 826 F.3d 1207, 1218 (9th

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Terrence Berg, United States District Judge for the Eastern District of Michigan, sitting by designation.

Cir. 2016). Peterson fails to explain how his actions differed from those in Grovo.

See id. at 1211–13, 1217–19. The district court therefore didn't err in denying

Peterson's motion to acquit on the Section 2251(d) count.

**2.** To the extent Peterson challenges the jury instruction that defined

"advertisement," there was no error because the instruction "fairly and adequately

cover[ed] the issues presented." See United States v. Soulard, 730 F.2d 1292,

1303 (9th Cir. 1984).

**3.** The district court was entitled to believe Special Agent Frank Day when

he said he didn't use the hashing tools prohibited by the warrant. See United

States v. Bynum, 362 F.3d 574, 578 (9th Cir. 2004) ("Factual findings underlying

the denial of the motion are reviewed for clear error.").

**4.** Nor did the district court commit plain error by allowing the prosecution

to present redacted child pornography images to the jury. The government made a

plausible argument as to why it needed to show the images to prove its case, and

the court gave a cautionary instruction. See United States v. Ganoe, 538 F.3d

1117, 1123–24 (9th Cir. 2008) (jury could be shown a selection of child

pornography images that "were highly probative of the state of mind with which the files were received and possessed").

**5.** We grant the government's pending unopposed motion to file its supplemental excerpt of record under seal.

**AFFIRMED.**